McDonald *v.* Neilson, 2 Cow. 139.
In Ch. 6 J. C. R. 204–205.

### Oppressive Sale under Execution.

Appeal from decree of Chancellor Kent.

The respondent Neilson filed his bill in the court below, against the appellants, to set aside a bond and mortgage for $2,500, executed by him to McDonald, upon the ground that these securities had been executed to avoid a forced, oppressive, and illegal sale of the respondent's property at a sheriff's sale, and the respondents were charged as parties to a fraudulent combination to oppress the respondent by the sacrifice of his property at a sheriff's sale, in order to indemnify themselves for certain debts against John Neilson, junior, a son of the respondent.

The Chancellor had decreed that the bond and mortgage. of the complainant should be given up and cancelled, on payment of the amount due on the *fieri facias* with interest and costs.

The Court of Errors held, with the Chancellor:—

1. That a party charged as combining with others, in a fraud against which relief is sought, and who therefore is made a defendant, but against whom no particular relief is prayed, may, though liable for costs, be a witness for his co-defendants; his interest being contingent and uncertain, the objection goes to his credibility and not to his competency. But they held, on the other hand,

2. That where the mortgagor had been guilty of improper conduct, if not of fraud and chicanery, toward the plaintiff in the execution, and had before got possession of all his

son's property, and the securities being executed to settle a legal controversy, the respondent having the benefit of counsel, and the advice of his friends, and fully aware of his rights, and the arrangement reasonable in itself; that a court of equity would not interfere, notwithstanding the improper conduct of the sheriff's officer.

The decree of the Chancellor was accordingly *reversed* and ordered that the respondent's bill be dismissed without costs to either party as against the other.